LACLARE L. WELSH AND THE DELAWARE, LACKAWANNA
AND WESTERN RAILROAD COMPANY, PROSECUTORS,
v. THE MAYOR AND BOARD OF ALDERMEN OF THE
TOWN OF MORRISTOWN, DEFENDANTS.

Decided October 15, 1923.

**Ordinance—Review of Entire Ordinance Where Prosecutor is
Effected by Only a Single Feature, denied.**

On application for writ of *certiorari.*

Before Justices TRENCHARD, PARKER and BERGEN.

For the prosecutors, *King & Vogt.*

PER CURIAM.

The prosecutors wish to bring up for review an entire ordinance of the town of Morristown, passed September 18th, 1923, being a supplement to a prior ordinance concerning hackmen and others. The general purport of the ordinance in question is regulation and location of hackstands and of the behavior and conduct of hackmen and taxicab drivers. A fine of not over $50 or imprisonment not more than five days is prescribed as a penalty for violation.

Our opinion in a recent case of the same name, based on a similar ordinance, is sufficient authority for refusing a general review of the present one, which in its main features seems well within the police powers of the municipality. *Welsh* v. *Morristown,* 1 *N. J. Adv. R.* 972.

It is urged that the present ordinance has the effect of preventing Prosecutor Welsh from having his own runner on the station platform or station premises to solicit patronage and summon "Welsh" cabs from the cabstand. But this single feature, if the point be well taken, does not require a review of the whole ordinance, and we think it will be sufficient to consider the question when there has been a prose-

cution and conviction based on the theory that the ordinance is violated by prosecutors' agent summoning prosecutors' cabs to take passengers. *Neumann* v. *Hoboken*, 82 *N. J. L.* 275, and cases cited (at *p.* 278).

For these reasons *allocatur* of a writ directed to the whole ordinance will be denied.